# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| WILLIAM NOWAKOWSKI, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 2:07-CV-186 JVB |
| ROUNDER STADIUM GRILL, | ) ) ) | |
| Defendant. | ) | |

## OPINION AND ORDER

On May 9, 2007, Plaintiff William Nowakowski, an Illinois citizen, sued Defendant Rounders Stadium Grill, an Indiana corporation, in Lake Superior Court, Hammond Division. The Defendant removed the case to this Court on June 8, 2007.

More than a year later, the Plaintiff moved to remand the case. He claims that the case was improperly removed by the forum defendant because 28 U.S.C. § 1441(b) allows removal in diversity cases "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." The Defendant responded to the motion, arguing that the forum defendant rule is procedural, not jurisdictional, and that the Plaintiff has waived any objections to the removal by not contesting it immediately.

The Court agrees. In *Hurley v. Motor Coach Industries, Inc.*, 222 F.3d 377, 380 (7th Cir. 2000), the Court of Appeals for the Seventh Circuit has clarified that the forum defendant rule is a procedural one and can be waived by the plaintiff who initially filed suit in state court. One way to waive an objection to a removal is to allow the thirty-day time period for objections to lapse. *See id*.

This is precisely what the Plaintiff has done. Almost a year has passed since the

Plaintiff's deadline to object to the removal. Since then, the parties have conducted discovery and had multiple dealings with the Court. The Plaintiff, having failed to object within thirty days of the case being removed to this Court, has waived his right to proceed in state court. Accordingly, the Plaintiff's motion to remand (DE 28) is denied.

SO ORDERED on September 25, 2008.

    s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE